THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MINNESOTA
Civil Action No. 01-1646 DJF/AJB

---

EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,

Plaintiff,

v.

TARGET STORES, INC.,

Defendant.

STIPULATION FOR INTERVENTION OF SUZANNE STOMBAUGH AND ORDER

---

Through their undersigned counsel, the parties to this matter hereby stipulate that Suzanne Stombaugh shall be allowed the right to Intervene in the above-referenced action and that the Court may so order. This Stipulation is based on Suzanne Stombaugh's Motion to Intervene, with attached Complaint as "Exhibit A" and information included therein.

Dated: February 8, 2002

EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

Laurie A. Vasichek
Senior Trial Attorney
No. 171438
Minneapolis Area Office
330 Second Avenue South, Suite 430
Minneapolis, MN 55401
612-335-4061

Attorney for Plaintiff

Dated: February 5, 2002

HALLELAND LEWIS NILAN SIPKINS & JOHNSON, P.A.

Donald M. Lewis, No. 62844
Joseph G. Schmitt, No. 231447
Pillsbury Center South
220 South Sixth Street, Suite 600
Minneapolis, MN 55402
612-204-4140
612-204-4130

Attorneys for Defendant

FEB 12 2002
FILED
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD
DEPUTY CLERK

This matter came before the Court on Motion of Suzanne Stombaugh for Leave to Intervene and Amend the Complaint as a Plaintiff in Civil File. No. 01-1646.

Upon consideration of the Stipulation of the parties and the records and proceedings herein, the Court makes the following Order:

ORDER

1. Suzanne Stombaugh is granted leave to intervene I this action; and

2. Suzanne Stombaugh will file her Intervenor's Complaint (Exhibit 1) on or before March 1, 2002.

Dated: February 11, 2002

Arthur J. Boylan
United States Magistrate Judge

**EXHIBIT 1**

THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MINNESOTA
Civil Action No. 01-1646 DWF/AJB

---

EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,

Plaintiff,

SUZANNE STOMBAUGH,

Plaintiff/Intervenor,

v.

TARGET STORES, INC.,

Defendant.

INTERVENOR'S COMPLAINT

**Jury Trial Demanded**

---

## I. NATURE OF THE ACTION

This is an action against Target Stores, Inc. ("Target") under Title I of the Americans with Disabilities Act of 1990 ("ADA") and the Minnesota Human Rights Act ("MHRA") to correct unlawful employment practices on the basis of disability and to provide appropriate relief to Plaintiff, Suzanne Stombaugh, who was adversely affected by defendant's discriminatory practices. From 1997 onward, Target failed and refused to provide Stombaugh reasonable accommodation for her disability, multiple sclerosis, and disclosed Stombaugh's disability to a prospective employer, in violation of the ADA and the MHRA.

## II. JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Section 107(a) of the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. § 12117(a), which incorporates by reference Section 706 of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e-5. Plaintiff, Stombaugh, further invokes the jurisdiction of the court to exercise pendent jurisdiction over state law claims. The amount in controversy exceeds $75,000.00.

2. The employment practices alleged to be unlawful were and are now being committed within the jurisdiction of the United States District Court for the District of Minnesota, and the employment records relevant to such practices are maintained and administered in the District of Minnesota.

3. All conditions precedent to this action have been met. More than thirty days prior to the institution of this lawsuit, Suzanne Stombaugh filed a charge of discrimination with the EEOC which was also cross-filed filed with the Minnesota Department of Human Rights, alleging discrimination based on disability, including failure to provide accommodations.

III. PARTIES

4. The Plaintiff, Equal Employment Opportunity Commission (the "EEOC"), is the agency of the United States of America charged with the administration, interpretation and enforcement of Title I of the ADA and is expressly authorized to bring this action by Section 107(a) of the ADA, 42 U.S.C. § 12117(a), which incorporates by reference Sections 706(f)(1) and (3) of Title VII, 42 U.S.C. § 2000e-5(f)(1) and (3).

5. The Plaintiff/Intervenor, Suzanne Stombaugh, at the times relevant to this action has resided within the State of Minnesota. Stombaugh currently resides in Sartell, Minnesota.

6. At all relevant times, Target has continuously been a Minnesota corporation doing business in the State of Minnesota, maintaining its headquarters in the State of Minnesota, and has continuously had at least 15 employees.

7. At all relevant times, Target has continuously been an employer engaged in an industry affecting commerce under Section 101(5) of the ADA, 42 U.S.C. § 12111(5), and Section 101(7) of the ADA, 42 U.S.C. § 12111(7), which incorporates by reference Sections 701(g) and (h) of Title VII, 42 U.S.C. §§ 2000e(g) and (h).

8. At all relevant times, Target has been a covered entity under Section 101(2) of the ADA, 42 U.S.C. § 12111(2).

## IV. STATEMENT OF CLAIMS

9. Plaintiff/Intervenor is a qualified individual with a disability within the meaning of Section 3, 42 U.S.C. § 12102, and Section 101, 42 U.S.C. § 12111, of the ADA and within the meaning of Subds. 13 and 35 of Section 363.01, of the MHRA.

10. Plaintiff/Intervenor Stombaugh has multiple sclerosis, which substantially limits a number of her major life activities, including without limitation, her major life activities of seeing, walking, performing manual tasks, and caring for herself.

11. Plaintiff/Intervenor Stombaugh has a record of having multiple sclerosis, which reflects substantial limitations of a number of Stombaugh's major life activities, including without limitation, her major life activities of seeing, walking, performing manual tasks, and caring for herself.

12. Since at least 1997, Target has engaged in unlawful practices in violation of Section 102 of the ADA, 42 U.S.C. § 12112 and Section 363.03, Subd. 1 of the MHRA. Target failed and refused to provide reasonable accommodation to Plaintiff's known limitations, including but not limited to failing and refusing to allow Stombaugh to hold the Executive Team Leader - Softlines position, and failing and refusing to hold open Stombaugh's position when she was on leave for her disability.

13. In March 1998, a Target manager disclosed Plaintiff's disability to a prospective employer, thereby damaging Plaintiff. The Target manager acted within the scope of her employment at Target. Through this conduct, Target violated the confidentiality provisions of Section 102 of the ADA, 42 U.S.C. § 12112(d)(3) and 42 U.S.C. § 12112(d)(4) and Subd. 1a of the MHRA, Minn. Stat. § 363.03.

14. The effect of the practices complained of above has been to deprive Stombaugh of equal employment opportunities and otherwise adversely affect her status as an employee of Target and as an applicant for employment at another employer, because of her Disability.

15. The unlawful employment practices complained of above were intentional.

16. The unlawful employment practices complained of above were done with malice or with reckless indifference to the federally and state protected rights of Plaintiff.

17. Plaintiff/Intervenor has suffered damages consisting of lost wages, benefits, and emotional distress in an amount exceeding $75,000.00.

## V. PRAYER FOR RELIEF

Wherefore, the Plaintiff/Intervenor respectfully requests that this Court:

A. Grant a permanent injunction enjoining Defendant Target Stores, Inc., its officers, successors, assigns, and all persons in active concert or participation with it, from engaging in any employment practice which discriminates on the basis of disability.

B. Order Defendant Target Stores, Inc. to institute and carry out policies, practices, and programs that provide equal employment opportunities for qualified individuals with disabilities, and that eradicate the effects of its past and present unlawful employment practices.

C. Order Defendant Target Stores, Inc. to pay to Stombaugh such past and future losses as will make her whole, including but not limited to wage loss and loss of benefits with prejudgment interest together with other affirmative relief necessary to eradicate the effects of its unlawful employment practices, including but not limited to the rightful placement of Stombaugh.

D. Order Defendant Target Stores, Inc. to make whole Stombaugh by providing compensation for past and future pecuniary losses resulting from its unlawful employment practices, in amounts to be determined at trial.

E. Order Defendant Target Stores, Inc. to make whole Stombaugh by providing compensation for past and future nonpecuniary losses, including emotional distress, resulting from its unlawful practices, in amounts to be determined at trial.

F. Order Defendant Target Stores, Inc. to pay Plaintiff punitive damages for its malicious and reckless conduct, in amounts to be determined at trial.

G. Grant such further relief as the Court deems necessary and proper in the public interest.

H.. Award the Plaintiff/Intervenor her costs and attorney fees in this action.

## VI. JURY TRIAL DEMAND

Plaintiff/Intervenor, Suzanne Stombaugh requests a jury trial on all questions of fact raised by this Complaint.

McKAY LAW OFFICE

Susan A. McKay, #205515
Attorney for Intervenor/Plaintiff
11359 Windrow Drive
Eden Prairie, MN 55344
Telephone: 952-914-0284