IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MINNESOTA

---

EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION,

                       Plaintiff,

    and

SUZANNE STOMBAUGH,

                       Intervening Plaintiff,

    v.                                     Civ. No. 01-1646 DWF/AJB

TARGET STORES, INC.,

                       Defendant.

---

## CONSENT DECREE

This action was filed by the Equal Employment Opportunity Commission ("EEOC") on

September 1, 2001. In its complaint, the EEOC alleges that Defendant, Target Stores, Inc.,

("Defendant") discriminated against Suzanne Stombaugh by failing and refusing to provide

Stombaugh reasonable accommodation for her disability, multiple sclerosis, and disclosed

Stombaugh's disability to a prospective employer, in violation of the ADA. Stombaugh

intervened in the action.

Defendant denies that it has committed any of the violations alleged by the EEOC and

Stombaugh. The EEOC, Defendant, and Stombaugh (hereinafter referred to as "the parties")

have agreed to settle these claims in order to reach an amicable resolution of this matter and

avoid further litigation. The terms of the agreement are set forth below.

I.    Monetary Relief

    A.    Settlement Amount

FEB 0 4 2003

FILED_____
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD_____
DEPUTY CLERK_____

Defendant agrees to settle this case for $95,000 (Ninety-Five Thousand Dollars) and to mail checks payable to Suzanne Stombaugh and her attorney, Susan McKay, as described below totaling that amount. The checks shall be sent by certified mail, return receipt requested, to Stombaugh's attorney, Susan McKay, and a copy of the checks shall be mailed simultaneously to the undersigned counsel for the EEOC. The payment is payable within ten calendar days after this Consent Decree is approved by the Court or as otherwise agreed between Stombaugh and Defendant.

The parties stipulate that they have allocated the settlement amount into separate payment categories in recognition of the underlying claims. Defendant agrees to pay Stombaugh $25,000 in back pay, and $70,000 in compensatory damages.

All of the employer's share of required withholdings, such as Social Security, shall be paid by Defendant. Neither the EEOC nor Defendant make any representation, or assume any responsibility for any tax liability, assessments, interest, penalties and/or costs that Stombaugh may or may not incur on such payments under local, state and/or federal law.

II.   Non-Monetary Terms

   A.   Compliance with the ADA

Defendant agrees that it will provide reasonable accommodations to qualified individuals with disabilities as required by the Americans With Disabilities Act, 42 U.S.C. 12101, et seq. It also agrees that it will maintain the confidentiality of its employees' medical information as required by the Act, 42 U.S.C. 12112 .

   B.   Impact Upon the EEOC's Processing

The EEOC does not waive or in any manner limit its right to process or seek relief in any other charge or investigation based upon allegations not included in the above-captioned case.

2

C.    <u>Training</u>

Defendant shall provide annual training on disability discrimination to all of its

supervisors, managers and administrators in its Bemidji, MN, facility.  This training will also

instruct all employees on the policies and procedures of reporting, responding to and

investigating claims of disability discrimination including those relating to reasonable

accommodation and maintenance of confidentiality of medical information.   Within 45 days, the

Defendant shall provide a copy of the proposed training materials to the EEOC, which shall be

permitted to comment on the materials.  A representative from the EEOC shall be permitted to

attend the training as a silent observer.  The EEOC representative will not identify

himself/herself as a representative of the EEOC.  Defendant shall also certify to the EEOC that it

provides same or similar training to supervisors, managers and administrators in its other stores

in the United States on an annual or bi-annual basis.

D.    <u>Creation and Dissemination of Anti-Discrimination Policy</u>

Defendant shall certify to the EEOC that it has an anti-discrimination and anti-harassment

policy.  Such policy will specifically outline procedures for reporting and investigating

complaints of disability discrimination, and will include the names of persons to whom

discrimination complaints should be made.  If no such policy exists, Defendant shall create such

a policy within 30 days.  This policy shall be disseminated to all staff.

E.    <u>Creation and Dissemination of Policy for Responding to Requests for Reasonable
        Accommodation</u>

Defendant shall certify to the EEOC that it has a policy for responding to requests for

reasonable accommodation from employees.  It will instruct its managers in Defendant's Bemidji

facility on the policy, and take reasonable steps to assure compliance with the policy by its

3

managers.

      F.     <u>Posting of Notice</u>

Defendant agrees to post the notice (Exhibit A hereto) in its Bemidji facility in a clear and conspicuous location customarily used for the posting of employee notices.  Defendant agrees to post this notice within five calendar days of approval of this Consent Decree by the Court.

      G.     <u>Removal of References to EEOC Charge/Lawsuit  from Personnel File</u>

Defendant shall remove from Stombaugh' personnel file any record or indication that relates to her charge filed with the EEOC, the investigation, litigation, or resolution of the charge.

      H.     <u>Record-keeping and Reporting</u>

For three years from the date of this Consent Decree, Defendant shall document and maintain records related to every complaint that it or any manager or supervisor receives from any employee alleging disability discrimination at its Bemidji store(s).   During this period, Defendant shall also provide the EEOC with semi-annual reports, with the first report being due five months after the Final Order.  Defendant shall provide the Commission with a report every six months thereafter throughout the term of this Decree.  The reports shall include the following information for each such complaint known to Defendant: the name, address, telephone number, and social security number of all employees at Defendant's facility, if any, who, during the reporting period, complained either verbally or in writing about disability discrimination; the date and nature of each complaint; the identity of each person to whom each complaint was made; and the action taken by Defendant in response to each complaint.  Finally, the EEOC may inspect Defendant's premises, interview employees and examine and copy documents in its Bemidji facility.  The EEOC shall give written notice one week prior to coming on the premises

4

for inspection.

I.      <u>Enforcement of Consent Decree</u>

If at any time during the duration of this Consent Decree, the EEOC believes that a violation of this Decree has occurred, prior to exercising its right to move to compel enforcement, the EEOC shall give written notice detailing the perceived violation to Defendant. Defendant shall have thirty (30) days from receipt of written notice to investigate and respond in writing to the allegation that a violation has occurred. Thereafter, the parties shall have a period of thirty (30) days, or such additional period as may be agreed upon in writing by them, in which to engage in negotiation and conciliation regarding any alleged violation before the EEOC may move to compel compliance.

J.      <u>Certification to the EEOC</u>

Within 10 calendar days following compliance with the posting, training and creation/dissemination of anti-discrimination policy provisions of this Consent Decree, Defendant will notify the EEOC of such compliance through a letter from an appropriate representative.

K.      <u>Costs and Fees</u>

The parties waive their costs and fees.

L.      <u>Enforcement of Terms of Consent Decree and Jurisdiction</u>

The affirmative obligations under this Consent Decree shall be effective and binding upon the parties for the period of three calendar years from its final approval by the Court. This Court shall retain jurisdiction of this action for the purpose of enforcing this Decree and entry of such further orders as may be necessary or appropriate for the same period of time, except that, if any party has, prior to the expiration of the three year period, commenced proceedings to compel

compliance, this Court will retain jurisdiction of the action until all issues relating to such

compliance proceedings have been resolved.  At the end of the three year period, or as soon as all

enforcement issues (if any) have been resolved, whichever occurs last, this Court will dissolve

the Consent Decree and will dismiss this action with prejudice without further motion by any

party.

     I have read the foregoing Consent Decree, and accept and agree to the provisions

contained therein.


_____           _____
Jean P. Kamp                                      Date
Regional Attorney
EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION
Milwaukee District Office
310 W. Wisconsin Avenue, Suite 800
Milwaukee, WI 53203
(414) 297-1860


_____          1-07-03
Laurie A. Vasichek (#171438)                         Date
Senior Trial Attorney
EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION
Minneapolis Area Office
330 Second Avenue South, Suite 430
Minneapolis, Minnesota  55401
(612) 335-4047

6

_____          _____
Susan McKay (#205515)                     Date: 1-13-0C
McKAY LAW OFFICE
11359 Windrow Drive
Eden Prairie, Minnesota 55344
(952) 914-0284

ATTORNEY FOR PLAINTIFF-INTERVENOR SUZANNE STOMBAUGH

_____          _____
Donald M. Lewis (#62844)                  Date: 1/9/03
Joseph G. Schmitt (#231447)
HALLELAND LEWIS NILAN
SIPKINS & JOHNSON P.A.
Pillsbury Center South
220 South Sixth Street
Minneapolis, Minnesota 55402
(612) 338-1838

ATTORNEYS FOR DEFENDANT TARGET STORES, INC.

**ORDER**

SO ORDERED this _____ day of _____, 2003.

_____
Hon. Donovan W. Frank
United States Judge

## NOTICE TO EMPLOYEES

EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION,

                              Plaintiff,

    and

SUZANNE STOMBAUGH,

                              Intervening Plaintiff,

    v.                                             Civ. No. 01-1646 DWF/AJB

TARGET STORES, INC.,

                              Defendant.

This Notice is being posted pursuant to an agreement between the U.S. Equal Employment Opportunity Commission (EEOC), Suzanne Stombaugh and Target Stores, Inc. A charge was filed with the EEOC alleging that Target Stores, Inc. violated the Americans With Disabilities Act by discriminating against an employee. Although Target Stores, Inc. contends that it did not intend to discriminate against any employee, as part of the agreement, Target Stores, Inc. has agreed to take the following steps:

1.      Without admitting any violation of the law in the past, Target Stores, Inc. agrees not to engage in any type of discrimination prohibited by the ADA.

2.      Target Stores, Inc. will provide training to its supervisors, managers, and administrators with regard to its policies forbidding any such discrimination.

3.      Target Stores, Inc. will disseminate its anti-discrimination to all of its employees outlining that discrimination on the basis of disability, is prohibited.

4.      Target Stores, Inc., will pay the employee a monetary settlement.

The EEOC enforces Title VII, which prohibits job discrimination based on race, color, religion, sex or national origin, the Age Discrimination in Employment Act, the Equal Pay Act, prohibitions against discrimination against individuals with disabilities in the federal sector, sections of the Civil Rights Act of 1991, and Title I of the Americans with Disabilities Act, which prohibits discrimination against people with disabilities in the private sector and state and local governments. The Minneapolis office of the EEOC is located at 330 Second Avenue South, Suite 430, Minneapolis, MN 55401. The office is open from 8:00 a.m. to 4:30 p.m., Monday through Friday. Persons interested in contacting the EEOC may do so either by visiting or writing or by calling (612) 335-4040.

FeS 3, 2003

                                       Hon. Donovan W. Frank
                                       United States Judge

## EXHIBIT A